**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| TRIOPTIMA AB,<br><br>                              Plaintiff,<br><br>                    v.<br><br>QUANTILE TECHNOLOGIES LIMITED,<br><br>                              Defendant. | CASE NO. 2:19-cv-00390-JRG |

**QUANTILE TECHNOLOGIES LIMITED'S MOTION TO
LIMIT THE NUMBER OF ASSERTED PATENT CLAIMS**

Quantile hereby moves this Court to order to TriOptima to reduce the number of asserted claims in accordance with the Model Order Focusing Patent Claims and Prior Art to Reduce Costs (the "Model Order"). TriOptima has asserted 110 claims across seven different patents. Despite conceding that it does not intend to bring over 100 claims to trial, TriOptima has steadfastly refused to even discuss a schedule pursuant to which it will limit the number of asserted claims by specific deadlines. As a result of this refusal, Quantile has been put in the prejudicial position of having to expend resources analyzing claims that TriOptima never intends to bring to trial. TriOptima's complete refusal to even discuss the dates by which it will limit the number of asserted claims has forced Quantile to request the Court's intervention to alleviate the significant burdens and uncertainty in the case. Thus, Quantile respectfully moves this Court to order TriOptima to reduce the number of patent claims and enter the Model Order to provide the appropriate procedures.

## I.      BACKGROUND

Despite asserting over 110 claims in this patent litigation, TriOptima has refused to discuss an orderly reduction in the number of claims, forcing Quantile to incur the expenses and costs associated with reviewing all 110 claims for purposes of invalidity contentions and claim construction.  Quantile has repeatedly explained that the parties and the Court are significantly burdened by the number of claims asserted, but TriOptima refuses to ***even discuss a schedule*** for reducing the number of claims

By June 12, several months into discovery and after Quantile had served its initial Invalidity Contentions, TriOptima had not given any indication that it intended to narrow the number of asserted claims. Quantile therefore sent TriOptima a letter pointing out the "unmanageable number of claims" and the significant burden being incurred in having to proceed through the claim construction process and hearing with so many asserted claims.  Exhibit A. Quantile explained that the Eastern District of Texas made available the Model Order "to facilitate the process of claim number reduction."  Quantile's ultimate request in the letter was for a "plan for reducing the number of asserted claims."

TriOptima refused this request, taking the position that it was "premature for TriOptima to reduce the number of claims in this case," and that it would not be willing to begin discussing any plan until at least July 29, 2020.  On June 15, 2020, the parties held a meet-and-confer, during which Quantile again explained that the purpose of the Model Order – which is commonly entered into in the District and in this Court – is to provide a schedule as to when the number of asserted claims would be narrowed, not necessarily to provide for an immediate narrowing of claims. Exhibit B.  This time, TriOptima agreed to review the Model Order and respond with whether it was willing to agree to the Model Order by the end of the week.

TriOptima failed to respond by the end of that week, and the parties therefore had to discuss the issue during a June 22nd meet-and-confer with local and lead counsel. Quantile yet again emphasized that the Model Order was intended to provide a schedule for the parties so the litigation can proceed in an orderly fashion, and that the parties could negotiate and stipulate to the Model Order without necessarily requiring an immediate reduction in the number of asserted claims. Again, TriOptima refused to even discuss the Model Order, stating that it did "not agree to put firm dates / terms around reduction of claims." Exhibit C. TriOptima indicated that it would not be willing to even entertain discussion of a plan until at least July 29th, despite the fact that the Model Order contemplates being discussed and filed far earlier in the case.

On July 9, 2020, Quantile made a final attempt to resolve the issue without Court intervention. TriOptima continued to refuse to even discuss the Model Order. Instead of negotiating and agreeing to dates certain by which the number of asserted claims would be reduced, TriOptima instead demanded that any further discussion of narrowing the claims not take place for several more weeks, and that only at that point would the parties begin to "revisit the topic, come up with a plan, and execute that plan." TriOptima's refusal to agree to the Model Order creates uncertainty and allows TriOptima to unfairly maintain claims that it has no intention of pursuing at trial, burdening the Court and the parties. As a result, the parties are incurring significant and unnecessary expenses in analyzing the 110 claims during the claim construction process, and Court intervention is now necessary to prevent this unwieldy number of claims from barreling into the claim construction hearing or beyond. The Model Order is the proper procedure proposed by the Eastern District and adopted multiple times by this Court. *See, e.g., Cellular Evolution LLC v. T-Mobile US, Inc.*, No. 2:19-cv-00232-JRG, D.I. 75 (E.D. Tex. 2020); *Snik LLC v. Samsung Elec. Co. Ltd.*, No. 2:19-cv-387-JRG, D.I. 32 (E.D. Tex. 2020); *Fractus, S.A., v. AT&T Mobility LLC*,

No. 2:18-CV-00135-JRG, D.I. 272 (E.D. Tex. 2019); *BMC Software, Inc. v. Cherwell Software, LLC and FireScope, Inc.*, No. 2:17-CV-00374, D.I. 51 (E.D. Tex. 2017).

## II.     TRIOPTIMA SHOULD BE REQUIRED TO REDUCE THE NUMBER OF ASSERTED CLAIMS, AND THE MODEL ORDER PROVIDES A FAIR MECHANISM AND PROCEDURE FOR SUCH REDUCTION

Courts have long recognized "the problem that arises when patentees assert a large number of claims or accused infringers assert a large number of prior art references[1] in patent litigation." *Allergan, Inc. v. Teva Pharm. USA*, No. 2:15-CV-1455-WCB, 2017 WL 373462, at *1 (E.D. Tex. Jan. 26, 2017). To address this problem, the Eastern District of Texas created the Model Order. The District has long since required patentees to reduce the number of asserted claims, both by direct Order and by entering into the Model Order. *See, e.g., id.* (collecting cases that "have required patentees to reduce the number of asserted claims, both before and after the issuance of the [Model Order]."

The Model Order was created to address the very situation presented in this case. Moreover, the Model Order has been repeatedly entered into in the District, including over a dozen times by this Court. No reason exists why TriOptima should refuse to negotiate and enter into the Model Order at this time except to force Quantile to incur unreasonable litigation expenses. To the extent that it intends to argue in favor of deviating from the Model Order, then these discussions would best take place now to avoid any unfair prejudice to the parties. Nevertheless, TriOptima refuses to negotiate, thereby necessitating Court intervention.

---

[1] Limiting the number of prior art references is not at issue here, because Quantile has already properly limited the number of asserted prior art references as described in the Model Order.

### III.    TRIOPTIMA WILL NOT SUFFER PREJUDICE IF THE MODEL ORDER IS ENTERED

Courts in the Eastern District of Texas have repeatedly "affirmatively acknowledged the district court practice of limiting asserted claims in patent cases for the purpose of manageability, so long as the party opposing the limitation is not prejudiced." *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08CV144, 2009 WL 10667516, at *1 (E.D. Tex. Mar. 16, 2009); *see also Allergain*, 2017 WL 373462, at *2 ("A court must exercise the authority to order a reduction in the number of asserted claims with care not to prejudice the patentee[.]").  TriOptima will suffer no prejudice whatsoever by entering the Model Order, and therefore the Court should enter the Model Order to create a manageable case.

First, the continued assertion of claims already intended to be dropped serves no purpose other than to unfairly drive up litigation costs for Quantile.  Quantile is a small start-up company. It is improper to continue to assert claims for this purpose.  Moreover, TriOptima incurs no prejudice by entering into the Model Order, as the Model Order does not require immediate identification of claims to be withdrawn, but rather provides a set ***plan*** for such withdrawal.  Under the Model Order, TriOptima would have over a month to review discovery and its claims before the initial reduction in the number of claims to 32 claims, and would not be required to submit its Final Election of Asserted Claims to narrow to sixteen claims until nearly the end of the year. Given that claim construction is currently on-going, entering the Model Order now would provide TriOptima a reasonable opportunity to explore the viability of its asserted claims, but also provide guidance and certainty as to when and how the number of asserted claims will be reduced.

Second, the dates for reducing the number of asserted claims provided for in the Model Order are actually *exceedingly* reasonable given the very factors identified in the Model Order.  In this case, but for TriOptima's refusal to negotiate the Model Order, the parties certainly should

have discussed limits lower than those set forth in the Order.  Each of the asserted patents have identical specifications, and claim virtually the same subject matter.  Only a single Quantile service – its compression service – has been accused of infringement.  But, by asserting over 100 claims, Quantile is forced to conduct an analysis on claims terms recited in each claim, thereby driving up the cost of the litigation.  TriOptima does not need to assert 110 extremely similar claims against a single service.  By now, eight months after it filed its Complaint, TriOptima should be ready to determine which claims best represent its infringement case.  Because "limits lower than those set forth in th[e] Model Order" would be appropriate in this case, entering the Model Order itself cannot be prejudicial to TriOptima.

## IV.   QUANTILE WILL SUFFER PREJUDICE IF THE MODEL ORDER IS NOT ENTERED

In contrast, Quantile will suffer significant prejudice if the Model Order is not entered. Quantile has already been forced to litigate this case in a foreign country in a State with which it has no contacts, *see* D.I. 36.[2]  Since filing its Complaint on November 26, 2019, TriOptima has *increased*, not decreased, the number of allegations it is making against Quantile, and has repeatedly demanded burdensome productions from Quantile while refusing to produce the very documents underlying its case.  *See* D.I. 54. Without the Model Order, TriOptima will continue to assert this unmanageable number of claims until such time as it unilaterally chooses (potentially after the claim construction hearing or minutes before), thereby maximizing the burden against Quantile while reducing any burden it must incur.  For example, given the massive number of asserted claims, Quantile has had to incur significant expenses during the claim construction process reviewing each and every one of these claims.  If no Model Order is entered, TriOptima

---

[2] Quantile notes that it is not subject to personal jurisdiction in this State, and that this Response is not intended to waive any challenge to personal jurisdiction.

will force Quantile to continue to incur these costs until the last moment, when it may drop certain claims, knowing all along it will not analyze the construction of any terms in such claims.  The burden on Quantile in reviewing this number of asserted claims is significant and extremely prejudicial to Quantile.  Entering into the Model Order would create certainty and guidance for the case regarding when and how the number of asserted claims will be reduced.

## V.    CONCLUSION

TriOptima refuses to even negotiate the procedures and deadlines by which it will reduce this number.  As a result, Court intervention is required, and Quantile therefore respectfully moves that this Court order TriOptima to limit the number of asserted claims in accordance with the Eastern District's Model Order.

Dated:      July 13, 2020

Respectfully submitted,

By: */s/ Dorothy R. Auth*
Dorothy R. Auth
*Admitted Pro Hac Vice*
Dorothy.Auth@cwt.com
Howard Wizenfeld
*Admitted Pro Hac Vice*
Howard.Wizenfeld@cwt.com
David A. Cole
*Admitted Pro Hac Vice*
David.Cole@cwt.com
CADWALADER, WICKERSHAM & TAFT LLP
200 Liberty Street
New York, New York 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666

Everett Upshaw
*Texas 24025690*
everettupshaw@upshawpllc.com

UPSHAW PLLC
1204 Gano Street
Dallas, Texas 75215
Telephone: (972) 920-8000
Facsimile: (972) 920-8001
*ATTORNEYS FOR DEFENDANT*
*QUANTILE TECHNOLOGIES LIMITED*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served this 13th day of July, 2020, with a copy of this document via the Court's CM/ECF system per Local Rules CV-5(a)(3).


*/s/ Dorothy R. Auth*
Dorothy R. Auth

## <u>CERTIFICATE OF CONFERENCE</u>

The undersigned hereby certifies that prior to filing this opposed motion, it has complied with the meet-and-confer requirement of Local Rule CV-7(h).  Specifically, on June 22, 2020, the parties conducted a conference by telephone.  Counsel for Quantile on the telephone conference were Dorothy Auth, David Cole, and Keana T. Taylor, while the counsel for TriOptima were Brent Ray, Dara Kurlancheek, and Melissa Smith.  TriOptima indicated that it would not agree to negotiate or enter the Model Order.  Discussions on this point have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

*/s/ Dorothy R. Auth*
Dorothy R. Auth