UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TRIOPTIMA AB,<br><br>        Plaintiff,<br><br>v.<br><br>QUANTILE TECHNOLOGIES LIMITED,<br><br>        Defendant. | Case No. 2:19-CV-390<br><br>**Jury Trial Demanded** |

**TRIOPTIMA'S OPPOSITION TO QUANTILE'S MOTION TO LIMIT THE NUMBER
OF ASSERTED PATENT CLAIMS**

I.    INTRODUCTION

As with its prior filing (Dkt. 58), Quantile's Motion is premature, unnecessary, and a waste of the Court's resources.  TriOptima never refused to discuss reducing its asserted patent claims in advance of trial.  TriOptima instead, consistent with this Court's precedent, suggested the parties discuss these issues once the claim construction process progresses, and the natural winnowing of issues occurs.  If anything, it is Quantile who has made this process difficult, by (i) including an excessive number of claim terms in its P.R. 4-1 and 4-2 disclosures, and (ii) refusing to make its source code available for review until late July, well after its P.R. 3-4 deadline.

The Court should deny Quantile's Motion.

II.   BACKGROUND

a.  **TriOptima Never Refused to Discuss Reducing its Asserted Claims**

From the earliest time Quantile raised the topic (over 6 weeks ago), TriOptima's position has been consistent:  it is premature to reduce the asserted claims, but the parties should revisit in the future and agree upon a plan.  Quantile admits the same in its Motion.  *See, e.g.,* Dkt. 63 at 3 (recognizing TriOptima's statement that the parties "revisit the topic, come up with a plan, and execute that plan.").

Any insinuation that TriOptima refused to meaningfully discuss this topic is categorically false.  The record indicates that Quantile appears intent on bringing this issue to the Court no matter what.  To wit, on July 9 Quantile attempted to force an "impasse" on this issue via email.  In response, TriOptima yet again explained its position:

1

> From: Ray, Brent
> Sent: Thursday, July 9, 2020 5:38 PM
> To: Auth, Dorothy
> Cc: Kurlancheek, Dara; Cole, Dash; Wizenfeld, Howard; Augelli, John; Fuller, Maegan; Melissa
> Subject: RE: Asserted Claim Reduction -TriOptima v Quantile
>
> Dorothy, as we've explained numerous times, we are not saying "no" to reducing the amount of claim terms. We are saying that the time for doing so is not right now. The parties should revisit the topic, come up with a plan, and execute that plan. We've previously offered a time when the parties should do that. Apparently it's not soon enough for you.
>
> So then, if you define "impasse" as us refusing to have the timing and terms of reducing claims dictated to us by our opponent – then yes, we cannot agree to that. If you define "impasse" as us refusing to negotiate on this topic, then no such scenario exists, or has ever existed. We simply believe the time to have this conversation is not yet before us.

### b. Quantile's Conduct in Claim Construction and Discovery Inhibits the Process

Noticeably absent from Quantile's Motion is an honest self-assessment of Quantile's own actions that have complicated the claim narrowing process.

First, Quantile's actions in claim construction lack good faith. In its P.R. 4-1 disclosures, Quantile identified *over 175 terms* allegedly requiring construction or being indefinite. Repeatedly thereafter, TriOptima asked Quantile to reconsider whether it legitimately thought its P.R. 4-1 disclosures were valid. Soon thereafter it became apparent that Quantile expected a *quid pro quo* to occur before Quantile would take its claim construction obligations seriously.

For example, in a June 25 letter (attached as Ex. A), Quantile expressly conditioned its willingness to streamline claim terms for construction upon TriOptima's agreement to drop claims. Most troubling was Quantile's mistaken belief that it could shirk its responsibilities to meet-and-confer during claim construction altogether: "While we recognize that at this time there is no requirement that TriOptima limit its asserted claims, *there is also no requirement that Quantile limit its list of claim terms to be construed.*" *Id*. at 1-2.

Only after TriOptima called out Quantile's misstatements did Quantile reluctantly pare down its list of claim terms:

> From: Ray, Brent
> Sent: Thursday, June 25, 2020 3:19 PM
> To: 'Augelli, John'; Kurlancheek, Dara
> Cc: Auth, Dorothy; Wizenfeld, Howard; Fuller, Maegan; Cole, Dash; 'Melissa Smith'
> Subject: RE: Auth Letter to Ray
>
> Dorothy, thanks for your letter.
>
> As we've stated several times, Quantile cannot use the number of pending claims as a "free pass" to engage in meaningful discussion tomorrow (and going forward) to narrow the proposed claim terms for construction. We will not engage in a "tit-for-tat" that is neither supported by the rules nor decisions on this topic.

Second, Quantile's actions in discovery undermine any complaint about TriOptima's position on reducing the number of claims. As is common in any patent case where software is involved, the plaintiff's review of the defendant's source code is informative to narrow the infringement allegations moving forward. Recognizing this fact, and in observance of the Court's April 20 order expecting parties to "work collaboratively to identify and implement temporary procedures that will enable the receiving party's authorized personnel (e.g., outside counsel and experts) to review source code during the pandemic without the need for travel or in-person code review," TriOptima first contacted Quantile on this topic on May 13:

> From: Ray, Brent
> Sent: Wednesday, May 13, 2020 12:30 AM
> To: 'Auth, Dorothy'
> Cc: 'Cole, Dash'; Kurlancheek, Dara
> Subject: TriOptima v Quantile -- source code review
> Attachments: COVID19 Standing Order.pdf april 20.pdf
>
> Dorothy, in view of page 5 of Judge Gilstrap's April 20 order, we should have a conversation about upcoming source code review. When is a good time to discuss later this week?

In the discussions that followed, Quantile proved impossible to pin down on how review would occur. First it endorsed review in Washington, D.C., but later retracted that offer. Then it refused to address the topic for weeks on end, even though its P.R. 3-4 disclosures (including source code) were due on June 1. Finally, *more than two months* after TriOptima first raised the issue, Quantile, under

threat of a motion to compel, agreed to make its code available for review in Dallas. Even then, Quantile refused to confirm the start time and address of the review until *less than 24 hours* before the review was scheduled to begin.

If Quantile took its obligations under the Local Patent Rules seriously, the parties would be in a much better position to agree upon reduction of claim terms. Instead, Quantile chose to play games, culminating in the filing of this motion.

### III. ARGUMENT

TriOptima is aware that (i) its asserted patent claims will narrow in advance of trial, and (ii) a Model Order exists that may be useful in setting forth the boundaries of such narrowing. It is premature, however, to enter such an order. TriOptima instead suggests that the parties revisit the topic at or around the time the parties submit the Joint Claim Construction Chart on October 7.

#### a. This Court does not Mandate Claim Reductions at this Early Stage

At the time of this filing, the parties have not even submitted their P.R. 4-3 Joint Claim Construction Statement. In like situations, where the majority of the claim construction process lies ahead, a mandated reduction in asserted claims is uncharacteristic of practice before this Court. *See, e.g., Thomas Swan & Co. v. Finisar Corp.*, Case No. 2:13-cv-178-JRG, Dkt. 125 at 2 (E.D. Tex. Apr. 11, 2014) (denying defendants' motion to limit claims during prior to *Markman* briefing and noting: "[t]he Court is further persuaded that the *Markman* process acts to naturally winnow parties' disputes, and as such, requests to limit claims and/or prior art references are generally more appropriate during or following the submission of the Parties' claims construction briefing.").

#### b. TriOptima Will be Prejudiced by Having to Reduce Claims Now

As an initial matter, any insinuation that TriOptima harbors claims "already intended to be

4

dropped" is a myth. *See* Dkt. 63 at 5. Every single one of TriOptima's asserted claims presents a valid and straight-forward infringement read against Quantile's compression products and services, as detailed in TriOptima's Complaint and Infringement Contentions. TriOptima's anticipated reduction of claims in advance of trial simply reflects the reality that one cannot present 100+ patent claims to a jury, nor would the Court permit TriOptima to do so. Quantile does not—nor can it—dispute TriOptima's ability to bring forth its current claims of infringement.

Forcing TriOptima to limit its claims now, however, effectively rewards Quantile for its gamesmanship displayed during claim construction and discovery. Quantile attempted to (i) poison the claim construction process by listing an unreasonable number of claim terms for construction, and (ii) stonewall TriOptima's attempt to review its source code. Granting the instant motion would incentivize Quantile to engage in similar tactics going forward.

### c.  Quantile Will Not be Prejudiced by a Reduction of Claims Later

Regardless of when TriOptima reduces its claims, the baseline discovery burden upon Quantile is unchanged.

As Quantile admits, currently there is only one set of accused instrumentalities in this case: Quantile's compression products and services. The number of asserted claims in this case does not lessen Quantile's obligations to produce all relevant, non-privileged documents proportional to the contours of this litigation.

Quantile also neglects to mention that there are multiple non-patent claims in this case, including trade secret misappropriation and tortious interference with contract. Quantile's obligations regarding these non-patent claims exist wholly independent of the number of asserted patent claims.

Quantile further makes the argument that the number of asserted claims is forcing Quantile

to argue that an undue number of terms require construction. This is demonstrably false. TriOptima was able to limit it P.R. 4-1 and 4-2 disclosures to *less than ten* terms across the asserted claims. The fact that Quantile refuses to take its claim construction obligations seriously does not mean that a discerning eye cannot be cast toward focusing on the few, important terms in dispute.

There is no credible argument that Quantile is prejudiced in any way by TriOptima maintaining its current asserted claims.

### d. If the Court is Inclined to Enter an Order Now, Reduction Should Occur Later

As this Court noted, the Model Order is, at its core, nothing more than that: a model order. *See Intellectual Ventures v. Fedex Corp.*, Case No. 2:16-CV-00980-JRG, Dkt. 206 at 3 (E.D. Tex. Dec. 22, 2017) ("While the Model Order may, in appropriate circumstances, provide useful guideposts at the outset of litigation in reducing claims as a case develops, at this point the Court finds that it is not the best vehicle to narrow the claims to be presented at trial.").

Should the Court believe that the Model Order is suitable for the instant litigation, the Court should permit the parties time to confer on this topic and submit a (hopefully agreed to) Model Order within a short time period.

If the Court believes that the Model Order attached by Quantile (*see* Dkt. 63-1) is already sufficient, the Court should change the deadline for TriOptima to serve its Preliminary Election of Asserted Claims to 14 days after the issuance of a claim construction order by the Court. By that time, the claim construction process will "naturally winnow [the] parties' disputes," and the majority of fact discovery will be completed, making it a opportune time to evaluate the claims that are asserted.

### IV. CONCLUSION

The Court should deny Quantile's Motion.

Dated:  July 27, 2020

Respectfully submitted,

*/s/ Brent P. Ray*
Brent P. Ray (IL Bar No. 6291911)
Abigail J.M. Hoverman (IL Bar No. 6327057)
KING & SPALDING LLP
353 N. Clark St., Ste. 1200
Chicago, IL  60654
Phone: (312) 995-6333
bray@kslaw.com
ahoverman@kslaw.com

Lori A. Gordon (DC Bar No. 490390)
Dara M. Kurlancheek (DC Bar No. 1020381)
KING & SPALDING LLP
1700 Pennsylvania Ave. NW
Washington, DC 20006
Phone: (202) 737-0500
lgordon@kslaw.com
dkurlancheek@kslaw.com

Lida Ramsey (NY Bar No. 5591862)
KING & SPALDING LLP
1185 6th Ave.
New York, NY 10036
Phone: (212) 556-2100
lramsey@kslaw.com

Melissa R. Smith (TX Bar No. 24001351)
GILLAM & SMITH LLP
303 South Washington
Avenue Marshall, TX 75670
Phone: (903) 934-8450
melissa@gillamsmithlaw.com

*Attorneys for Plaintiff TriOptima AB*

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2020, a true and correct copy of the foregoing was filed via ECF and therefore upon all counsel of record.

      /s/ Brent P. Ray
*Attorney for Plaintiff TriOptima AB*