# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| TRIOPTIMA AB, | Case No. 2:19-CV-390 |
|     Plaintiff, | |
| | **Jury Trial Demanded** |
|  v. | |
| QUANTILE TECHNOLOGIES LIMITED, | |
|     Defendant. | |

## TRIOPTIMA'S MOTION FOR RECONSIDERATION OF ORDER GRANTING QUANTILE'S RENEWED MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (DKT. 149)

Pursuant to Federal Rule of Civil Procedure 54(b) and Local Rule CV-7, TriOptima hereby requests reconsideration of the Court's Order granting Defendant Quantile Technology Limited's Motion to Dismiss for Lack of Personal Jurisdiction and denying as moot Quantile's Alternative Motion to Transfer Venue (Dkt. 149 ("Order")).[1]

Specifically, TriOptima seeks reconsideration of the Court's decision to dismiss this case in lieu of a transfer to the Southern District of New York.  The reason is to prevent a manifest injustice from potential time-barring of TriOptima's non-patent claims.  TriOptima intends to continue its litigation against Quantile in New York, but given the passage of time, TriOptima is facing a possible time bar for at least some of its non-patent claims if its complaint must be re-filed. A transfer would avoid this highly prejudicial result.

The interest of justice weighs heavily in favor of reconsideration and transfer of this action to the Southern District of New York—a jurisdiction Quantile admits is proper.

---

[1] The Order was filed under seal.

## FACTUAL BACKGROUND

On November 26, 2019, TriOptima filed its complaint asserting patent infringement against Quantile.  Dkt. 1.  On March 16, 2020, TriOptima amended its complaint to include non-patent claims of trade secret misappropriation, tortious interference, and unfair competition.  Dkt. 25. TriOptima filed its Second Amended Complaint on August 5, 2020 to support its allegations with additional facts.  Dkt. 73.  On August 13, 2020, Quantile moved to dismiss TriOptima's Second Amended Complaint for lack of personal jurisdiction, and in the alternative urged the Court to transfer venue to the Southern District of New York.  Dkt. 76.

In its motion, Quantile argued that litigating TriOptima's claims in New York would be more convenient for Quantile and relevant witnesses.  *Id.* at 2.  Quantile alleges that it has an office in New York City.  *Id.* at 19.  Quantile even admitted that it "would have been and is subject to specific jurisdiction in New York."  *Id.* at 19-21.

After hearing oral argument on the issues on September 4, 2020, the Court ordered limited jurisdictional discovery and supplemental briefing related to Quantile's Motion.  Dkts. 90, 106. On November 30, 2020, following the additional jurisdictional discovery and additional briefing (Dkts. 109, 112), the Court granted Quantile's Motion to Dismiss for Lack of Personal Jurisdiction and denied Quantile's Alternate Motion to Transfer Venue as moot.  Dkt. 149.

## LEGAL STANDARD

"Before the entry to final judgment … the Court has power to reconsider or reverse an interlocutory order at any time under Federal Rule of Civil Procedure 54(b)."  *Jacoby v. Trek Bicycle Corp.*, 2011 WL 3240445, *1 (E.D. Tex. 2011); *see also eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F. Supp. 2d 745, 748 (E.D. Tex. 2012) (noting motion for reconsideration comes within Rule 54(b)).  The Federal Circuit reviews a determination on a

motion for reconsideration under the "the law of the pertinent regional circuit." *Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1379 (Fed. Cir. 2010).

In the Fifth Circuit, a motion for reconsideration under Rule 54(b) is treated the same as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). *eTool*, 881 F. Supp. 2d at 748-49; *Jacoby*, 2011 WL 3240445, at *1. Thus, the moving party must demonstrate one of three grounds justify reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice." *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, 2016 WL 3475325, at *1 (E.D. Tex. 2016) (citing *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)).

## ARGUMENT

### A. The Court Should Reconsider its Order, and Transfer this Case to the Southern District of New York, to Prevent Manifest Injustice to TriOptima.

Unbeknownst to the Court, the effect of dismissing TriOptima's complaint may permanently bar TriOptima's pursuit of its timely non-patent claims. More specifically, if the Court does not transfer this case to the Southern District of New York—a jurisdiction Quantile admits is proper—at least TriOptima's Defense of Trade Secrets Act ("DTSA"), common law trade secret misappropriation, and unjust enrichment claims may be time-barred in whole or in part. Reconsideration is the proper vehicle to prevent this injustice to TriOptima.

Failing to reconsider the Order and transfer the case to New York runs afoul of a federal statute dictating that where a court finds "want of jurisdiction," it ***shall*** transfer the action to the proper venue "if it is in the interest of justice." 28 U.S.C. § 1631.[2] The weight of authority

---

[2] Where a civil case is filed in a federal district court, and the district court finds "there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action … to any other

interprets "want of jurisdiction" to include both lack of personal jurisdiction and improper venue. *See, e.g.*, *Harutyunyan v. Love*, 2019 WL 5551901, at *5, n.45, *6 (E.D. La. 2019) (listing cases and concluding, "it appears to this Court the Fifth Circuit would agree that § 1631 authorizes transfers based on lack of … personal jurisdiction"). Accordingly, so long as a transfer is in the interest of justice (as it is here), the Order dismissing the case for lack of personal jurisdiction triggers the protections of Section 1631.

Put simply: transfer under Section 1631 allows TriOptima to pursue otherwise potentially time-barred claims against Quantile in a proper forum, while a dismissal does not.

### 1.   *TriOptima's Non-Patent Claims May be Time-Barred in New York.*

Following dismissal of this lawsuit, TriOptima needs to refile its complaint against Quantile in a different venue. Given Quantile's admission that the Southern District of New York may properly exercise personal jurisdiction over Quantile and would serve as a proper venue, TriOptima is inclined to refile in New York. At this point—nine months after TriOptima originally asserted its non-patent claims against Quantile—applicable statutes-of-limitations may have run on several of TriOptima's claims under New York law, likely barring TriOptima from asserting them in a new lawsuit against Quantile.[3]

TriOptima's trade secrets claims under the DTSA and New York common law are likely untimely if refiled today. Both claims possess a three-year statute of limitation. 18 U.S.C. § 1836(d); N.Y. C.P.L.R. § 214(4); *Zirvi v. Flatley*, 433 F. Supp. 3d 448, 460

---

such court … in which the action … could have been brought at the time it was filed or noticed, and the action … shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." 28 U.S.C. § 1631.

[3] Quantile never argued that TriOptima's non-patent claims lack merit, nor has the Court substantively addressed the claims.

(S.D.N.Y. 2020).  Trade secret claims accrue (1) under the DTSA when the act of misappropriation "is discovered or by the exercise of reasonable diligence should have been discovered" (18 U.S.C. § 1836(d)), and (2) under New York state law "when the defendant first discloses the trade secret or when the defendant first makes use of the plaintiff's ideas" (*Zirvi*, 433 F. Supp. 3d at 461).

Here, the accrual date for both the DTSA and New York state law claims likely occurred in June 2017 when TriOptima learned that its former head of sales, Ian Hunt, printed reams of critical TriOptima files containing sensitive information about customers and operations the week he left TriOptima to work for Quantile.  *See* Dkt. 73 at ¶¶ 9-10, 60-63.  More than three years have passed since June 2017, so newly-filed trade secret claims may be held untimely.

Similarly, TriOptima's unfair competition claim could be time-barred insofar as it relies on Quantile's misappropriation of TriOptima's trade secrets.  In New York, unfair competition claims have varying statutes of limitations depending on the alleged acts giving rise to the unfair competition claim.  *See Trustforte Corp. v. Eisen*, 814 N.Y.S.2d 565 (N.Y. Sup. Ct. 2005) (explaining that unfair competition claims have three- or six-year limitations periods) (citing *Greenlight Capital, Inc. v. GreenLight (Switzerland) S.A.*, 2005 WL 13682, at *7 (S.D.N.Y 2005) ("[C]ourts typically analyze the nature of unfair competition claim to determine which statutory period applies.").  Where, as here, an unfair competition claim relies on misappropriation of trade secrets, a three-year period applies.  *Trustforte Corp.*, 814 N.Y.S.2d at 565; *see also Norbrook Labs. Ltd. v. G.C. Hanford Mfg. Co.*, 297 F. Supp. 2d 463, 491 (N.D.N.Y. 2003), *aff'd*, 126 F. App'x 507 (2d Cir. 2005).  As a result, a newly-filed unfair competition claim is also likely untimely at least to the extent it relies on Quantile's misuse of TriOptima's trade secrets.

New York's Saving Statute does not appear to afford TriOptima any relief. *See* N.Y. C.P.L.R. § 205(a). Section 205(a) expressly does not apply to actions, like here, dismissed for "failure to obtain personal jurisdiction over the defendant." *Id.*; *see Harrison v. Lutheran Med. Ctr.*, 468 F. App'x 33, 36 (2d Cir. 2012) (noting "§ 205(a) does not allow tolling based on a prior suit that was terminated due to a 'failure to obtain personal jurisdiction over the defendant'") (analyzing both state and federal claims); *Wang v. Palmisano*, 157 F. Supp. 3d 306, 325 (S.D.N.Y. 2016) (finding Section 205(a) did not save untimely claims as both prior filed state and federal Massachusetts cases were dismissed for lack of personal jurisdiction) (citing *In re Palermo*, 739 F.3d 99, 105 (2d Cir. 2014) (holding case dismissed without prejudice "is treated for statute of limitations purposes as if it had never been filed")).

Separately, the Southern District of New York may conclude that Section 205(a) does not apply to TriOptima's claims in this lawsuit because TriOptima originally filed these claims in Texas, not New York. While not a consensus view in New York Courts, some courts have interpreted Section 205(a) to only save claims if they were first filed in a New York court. *See Malone v. Bayerische Hypo-Und Vereins Bank*, 2010 WL 391826, at *6 (S.D.N.Y. 2010), *aff'd sub nom. Malone v. Bayerische Hypo-Und Vereinsbank, AG*, 425 F. App'x 43 (2d Cir. 2011).

## 2.   *The Interest of Justice Supports Transfer.*

The equities confirm a transfer is in order, as there are no factors weighing against a transfer of TriOptima's suit to a proper venue. *See, e.g.*, *Scherbatskoy v. Halliburton Co.*, 125 F.3d 288, 292 (5th Cir. 1997) (finding the "balancing of equities weigh[ed] in favor of transfer because a new appeal … would be barred as untimely and … nothing … indicate[d] that the Scherbatskoys acted in bad faith by filing the instant appeal"). "Factors militating for a transfer include a finding that a new action filed by the litigant would be barred as untimely, and a finding that the original action was filed in good faith." *Ruiz v. Mukasey*, 552 F.3d 269, 276 (2d Cir. 2009)

6

(internal citation omitted).   As described above, TriOptima's non-patent claims may be time-barred, and there is no question TriOptima brings its non-patent claims in good faith.

It comes as no surprise then that courts regularly find it "in the interest of justice" to transfer a case to a proper jurisdiction after finding a lack of jurisdiction where claims would be time barred if the case was refiled.   *See, e.g.*, *Lebrun v. Kan. City S. Ry. Co.*, 2019 WL 4686523, at *4 (E.D. Tex. 2019), *report and recommendation adopted*, 2019 WL 4673742 (E.D. Tex. 2019) (finding it is in the "interest of justice" to transfer case where statute of limitations on one of plaintiff's claims had expired and "dismissal of [plaintiff]'s claim would create significant issues with the statute of limitations"); *Autoflex Leasing, Inc. v. Team Motor Sports, Inc.*, 2004 WL 1962208, at *2 (N.D. Tex. 2004) ("[N]umerous courts have recognized that transfer under 28 U.S.C. 1631 is appropriate where the transferor court determines it lacks personal jurisdiction but dismissal of the action might cause the plaintiff's cause of action to be barred by limitations."); *In re Ski Train Fire In Kaprun, Austria on Nov. 11, 2000*, 257 F. Supp. 2d 717, 735 (S.D.N.Y. 2003) ("To deny plaintiffs the opportunity to sue the … defendants in a jurisdiction where they could have originally brought suit … solely because they selected the wrong forum at the outset of this case would be grossly unfair.").[4]

While secondary to the time-bar issue, it is also in the interest of justice to transfer claims "instead of dismissing them outright" to "sav[e] [plaintiff] the time and expense of reinitiating its suit against the [defendant]."   *Hearts Bluff Game Ranch, Inc. v. Texas*, 2009 WL 10699855, at *2

---

[4] *See also Edokpayi v. Barr*, 762 F. App'x 211, 212 (5th Cir. 2019); *USPPS, Ltd. v. Avery Dennison Corp.*, 647 F.3d 274, 277 (5th Cir. 2011); *Patterson v. Spellings*, 249 F. App'x 993, 998 (5th Cir. 2007) ("A [Section 1631] transfer may be in the 'interest of justice' where the transferor court determines that it lacks jurisdiction, but dismissal of the action might cause the plaintiff's action to be barred by the statute of limitations when refiled in the proper forum."); *Scherbatskoy*, 125 F.3d at 292.

(W.D. Tex. 2009); *see also See TransFirst Grp., Inc. v. Magliarditi*, 237 F. Supp. 3d 444, 456 (N.D. Tex. 2017) ("[T]ransferring the case would avoid any prejudice to Plaintiffs of potential statute of limitations problems and would allow Plaintiffs to avoid the unnecessary expense associated with filing a new civil action."). Both parties have expended significant resources in conducting written discovery, taking and defending fact depositions, and arguing a *Markman* hearing before the Court. A transfer would reduce additional and unnecessary additional expenditures for both sides.

### 3. *The Procedural Posture is No Impediment to the Court's Authority to Transfer.*

The Court may transfer this case *sua sponte* regardless of whether either party previously requested a transfer pursuant to Section 1631. *See Baker v. Puckett*, 2019 WL 6828756, at *5 (E.D. Tex. 2019) (transferring case instead of dismissing for lack of personal jurisdiction as recommended by Magistrate Judge where plaintiff requested Section 1631 transfer for the first time in the pending objection to the Magistrate Judge's report and recommendation); *Nafta Traders, Inc. v. Hewy Wine Chillers, LLC*, 2019 WL 5186087, at *1 (N.D. Tex. 2019) (transferring case *sua sponte* pursuant to Section 1631).

Even if Quantile requested a transfer of venue in its Motion "solely in the event that the Court decides it may exercise personal jurisdiction over Quantile" (Dkt. 76 at 2), the Court still can transfer this case under Section 1631. The Court has authority to transfer this case pursuant to Section 1631 regardless of whether one of the parties specifically requested this relief before this motion for reconsideration.

# CONCLUSION

For at least the foregoing reasons, TriOptima asks the Court to reconsider its Order, and instead transfer this case to the Southern District of New York where all parties consent to jurisdiction and venue.

Dated:  December 4, 2020

Respectfully submitted,

*/s/ Brent P. Ray*
Brent P. Ray (IL Bar No. 6291911)
Abigail J.M. Hoverman (IL Bar No. 6327057)
KING & SPALDING LLP
353 N. Clark St., Ste. 1200
Chicago, IL  60654
Phone: (312) 995-6333
bray@kslaw.com
ahoverman@kslaw.com

Lori A. Gordon (DC Bar No. 490390)
Dara M. Kurlancheek (DC Bar No. 1020381)
KING & SPALDING LLP
1700 Pennsylvania Ave. NW
Washington, DC 20006
Phone: (202) 737-0500
lgordon@kslaw.com
dkurlancheek@kslaw.com

Abby L. Parsons (TX Bar No. 24094303)
KING & SPALDING LLP
1100 Louisiana St., Ste. 4100
Houston, TX 77002
Phone: (312) 751-3294
aparsons@kslaw.com

Lida Ramsey (NY Bar No. 5591862)
KING & SPALDING LLP
1185 6th Ave.
New York, NY 10036
Phone: (212) 556-2100
lramsey@kslaw.com

Melissa R. Smith (TX Bar No. 24001351)
GILLAM & SMITH LLP
303 South Washington

Avenue Marshall, TX 75670
Phone: (903) 934-8450
melissa@gillamsmithlaw.com

*Attorneys for Plaintiff TriOptima AB*

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2020, a true and correct copy of the foregoing was filed via ECF and therefore upon all counsel of record.


 /s/ Brent P. Ray
*Attorney for Plaintiff TriOptima AB*